UNITED STATES v. JOHN HENSCHEL & CO.,

and

JOHN HENSCHEL & CO. v. UNITED STATES

No. 5142.—Invoice dated Bremen, Germany, November 18, 1937.
Entered at New York November 27, 1937.
Entry No. 780741.

Third Division, Appellate Term

(Decided March 3, 1941)

*Charles D. Lawrence,* Acting Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the United States.
*Lane & Wallace* (*William Young* of counsel) for the importer.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: These are cross appeals filed against the decision of the judge below (Reap. Dec. 4855) on an importation of planimeters No. 50 A exported from Germany on November 18, 1937. They were invoiced and entered at a unit price of 41 reichsmarks, less 50 per centum and 10 per centum discount, plus packing, and were so appraised. The collector appealed from that appraisement, claiming that the 10 per centum discount was not a deductible item inasmuch as it was granted to this importer only because of the fact that he purchased in large quantities. It was further claimed by the Government that the foreign value is the proper dutiable value of the planimeters.

Alternative claims were made by the Government before the trial judge, (1) that the merchandise should be appraised at a foreign

value of 41 reichsmarks each, less trade discounts of 40 per centum and 10 per centum, less 2 per centum for cash, plus packing, or, alternatively, at 41 reichsmarks each, less 50 per centum trade discount, less 2 per centum for cash, plus packing.

The trial court found the foreign value to be the proper dutiable value of the merchandise and that such foreign value was 41 reichs marks each less 50 per centum trade discount, less 2 per centum cash discount, plus packing.

There is no dispute as to the *per se* value, the only question presented to the court being the proper discount to be allowed

The only evidence adduced consisted of four special agents' reports, collective exhibits 1, 2, 3, and 4. The court below held in effect that exhibits 1 and 2 were entitled to little weight. We agree with that finding, inasmuch as they covered merchandise of another manufacturer than the one here involved, which was exported long subsequent to the date of exportation herein, whereas exhibits 3 and 4 cover the instant commodity and relate to these particular invoices.

The report, collective exhibit 3, calls attention to an appended price catalog marked as exhibit A. This price list is in the German language and no translation having been furnished of any part of the same the court will not give it any consideration. The importer's objection to the admission of these documents in that respect should have been sustained. However, in said exhibit 3, the special agent makes the following statement at p. 3:

Identical planimeters are freely offered and sold by manufacturer in Germany on the basis of price catalogue (Exhibit "A"). Most of the sales of planimeters in Germany are made to wholesalers at list price less 50% trade discount. Occasionally a large retailer may buy at list price less 40%, less 10%. Cash discount: 2%. Terms of delivery: Ex factory Pfronten—Steinach, packing extra.

This statement speaks of identical planimeters in the first sentence and then refers to planimeters generally. From the juxtaposition of the statement in regard to the majority of the sales to the first sentence, it would be a fair inference that the 50 per centum trade discount applied to planimeters of the kind and class involved herein when sold in Germany. Therefore we conclude that there is some evidence that the trade discount for the sale of this type of planimeters to wholesalers in Germany is 50 per centum from the list price.

This evidence is corroborated to some extent by the statement in exhibit 4 wherein there have been listed a number of sales to wholesalers and retailers which show that 10 sales to wholesalers were made at a 50 per centum discount as against 5 sales to retailers at 40 per centum and 10 per centum. It is noted that none of the planimeters listed there bear the identical number of those listed in the instant invoices. However, the tabulation of sales contained in ex-

hibits 3 and 4 shows that the major portion of the sales were at 50 per centum discount.

Upon the whole record we find that the decision of the judge below that the proper dutiable value is the foreign value, to wit, 41 reichsmarks less 50 per centum trade discount, less 2 per centum cash discount, plus packing, should be and the same is hereby affirmed.

Some point is made in the Government brief to the effect that the trial court failed to pass upon the government contention that since 40 per centum and 10 per centum amounts to a discount of 46 per centum and since 46 per centum is included in 50 per centum discount, therefore all purchasers were given 40 per centum and 10 per centum. We think the court answered that contention when it made its findings, but if it will be of any assistance or satisfaction to the Government we express our views on that contention as follows: The definition of value makes no mention of discounts but does state, among other things, that the particular value defined shall be the "market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers," etc. No purchaser who had received a 50 per centum discount purchased at a price which was the equivalent of 46 per centum discount. Therefore the Government's theory is not tenable.

Judgment will be rendered affirming the decision below. It is so ordered.